Raymond Ray MIDDLEBROOKS, Petitioner,

v.

THIRTEENTH JUDICIAL DISTRICT CIRCUIT COURT, UNION COUNTY, EL DORADO, ARKANSAS, Respondent.

No. 17474.

United States Court of Appeals Eighth Circuit.

Oct. 18, 1963.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner is an inmate of the United States Penitentiary, Atlanta, Georgia, under commitment on a sentence imposed by the United States District Court for the Eastern District of South Carolina.

He made application to the United States District Court for the Western District of Arkansas, for an order, (a) directing the Circuit Court of Union County, Arkansas, to make request of and issue a writ of habeas corpus ad prosequendum to the Warden of the Atlanta Penitentiary, to have petitioner brought to El Dorado, Arkansas, for trial on a criminal charge pending against him in that court, and (b) decreeing as a sanction that failure of the court to take such action would operate as a dismissal with prejudice of the state charge against petitioner. The application alleged that the Director of the Federal Bureau of Prisons had by letter consented that petitioner might be so taken to Arkansas, "when the state authorities indicate their intention to proceed with the prosecution and complete the necessary arrangements".

The District Court made denial of petitioner's application on its face, on the ground of want of jurisdiction to grant the relief sought. No appeal was taken from that order and, indeed, if one had been taken, it would have had to be dismissed as frivolous. Petitioner, however, now makes application to us for the issuance of such an order or writ as he sought from the District Court. We, equally with the District Court, are without any power to issue such an order or writ in the situation.

Federal courts of appeals are authorized to issue writs of mandamus or other extraordinary writs only in aid of their appellate jurisdiction, either existing or potential. 28 U.S.C.A. § 1651 (a). As to the state charges or proceedings pending against petitioner, there is, of course, no existing appellate jurisdiction in this court, nor is it potentially possible that any such jurisdiction could come to exist. The actions of the state court are completely outside the field in which we can make judicial review and correction. Since we have no power to review and correct any order or judgment of the state court, we cannot issue writs in potential control or supervision as to such a power.

It is true that, if an unconstitutional restraint were to be imposed upon petitioner in the state proceedings, or as a result thereof, the question of the validity of such restraint could come within our appellate jurisdiction through habeas corpus attack. But this would be a matter of separate and collateral function, representing power not to "revise the state [order or] judgment", but to "act only on the body of the petitioner". Fay v. Noia, 372 U.S. 391, 431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837.

Application denied for want of jurisdiction to issue the writ.