**Duane Earl POPE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19602.**

United States Court of Appeals, Eighth Circuit.

Nov. 10, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 953.

**326**

Wallace M. Rudolph, Lincoln, Neb., for appellant.

Richard A. Dier, U. S. Atty., Omaha, Neb., for appellee.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and BRIGHT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by defendant Pope from final order of the District Court entered on December 6, 1968, finding defendant guilty as charged on the basis of guilty verdicts returned by the jury upon each of six counts of the indictment. Pope was sentenced to the custody of the Attorney General for imprisonment on the respective counts as follows:

Count I, twenty years under 18 U.S. C.A. § 2113(a).

Count II, ten years under 18 U.S.C.A. § 2113(b).

Count III, twenty-five years under 18 U.S.C.A. § 2113(d).

Count IV, for life under 18 U.S.C.A. § 2113(e).

Count V, for life under 18 U.S.C.A. § 2113(e).

Count VI, ninety-nine years under 18 U.S.C.A. § 2113(e). All of such sentences are to be served concurrently.

Pope by notice of appeal dated and filed December 13, 1968, appealed from his conviction and sentence and from the denial by the trial court of his motion (filing 178) for an order protecting him in the exercise of his right of appeal. The notice of appeal reads in part:

"The appellant hereby appeals to the United States Court of Appeals for the Eighth Circuit from the above denial of his motion, filing No. 178, and from all of the above judgment and from each and all of the above sentences to imprisonment, including without limitation all of the claims of error that were not reached by the United States Supreme Court as pointed out in its opinion-order dated June 17, 1968."

The prior history of this litigation is fully and fairly set out in our opinion affirming in banc Pope's conviction, reported at 372 F.2d 710. As there shown, Pope after obtaining the money as a

consequence of burglarizing the bank ordered four bank employees to lie on the floor face down. They fully complied. Pope then shot each of the four employees in the back and again in the neck or head. Three of the four employees died as a result of the wounds so inflicted. It was on the counts charging the killing of such employees in connection with the bank burglary that death sentences were fixed by the jury and imposed by the court under § 2113(e).

The Supreme Court granted certiorari and vacated our judgment and remanded the case to us. The majority opinion in its entirety reads:

"The petitioner was convicted by a jury and sentenced to death under the Federal Bank Robbery Act, 18 U.S.C. § 2113(e). The Solicitor General has filed a memorandum for the United States conceding that this death penalty provision 'suffers from the same constitutional infirmity' as that found in the Federal Kidnaping Act, 18 U.S.C. § 1201(a). United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138. Accordingly, the Solicitor General concedes that the petitioner's 'sentence must be vacated and the cause remanded * * * for re-sentencing.' In light of this concession and upon an independent examination of the record, but without reaching any of the petitioner's other claims, the motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted, the judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eighth Circuit for further proceedings consistent with this opinion." 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317.

Two Justices dissented.

Thereafter, this court by opinion filed July 23, 1968, reported at 397 F.2d 812, noted that the Supreme Court had by certified copy of its judgment filed in our court vacated our judgment affirming the conviction and remanded the case to us for further proceedings in con-

formity with its opinion. We expressed some doubt whether the vacation applied only to the three counts upon which the death sentence was imposed or to all counts. We held:

"Noting that the Supreme Court took its action and vacated our judgment 'without reaching any of the petitioner's other claims', and in the exercise of caution in order to prevent any possible loss of rights through misunderstanding or inadvertence, we now in turn vacate the sentences imposed by the trial court on all six counts of the indictment and remand the case to the United States District Court for the District of Nebraska for further proceedings consistent with the opinion of the Supreme Court of the United States and with this opinion." 397 F.2d 812, 813.

Our mandate issued forthwith and pursuant thereto the trial court after due hearing and consideration entered the order hereinabove described from which this appeal is taken.

Pope in his brief in support of the present appeal raises the following issues:

"I. To require a person to waive a Constitutional Defense in order to perfect an appeal or petition for certiorari denies such person due process of law and chills his right to appeal.

"II. When Appellant is examined under 4208(b) and requests a sentence under 4208(a) (1), the Trial Court's failure to so sentence is an abuse of discretion when the substantial evidence shows that the Appellant will benefit from a 4208(a) (1) sentence and that Appellant was mentally ill when he was convicted of the crime leading to the sentence."

Counsel for Pope at the commencement of oral argument before us was advised by the court that the issues raised on the prior appeal which were not reached or passed upon by the Supreme Court were before us on his present appeal and that an extension of time would be granted for arguing such points.

Counsel for defendant insisted that the court rule upon his new points (points I and II, supra), before reaching the points raised on the prior appeal not passed upon by the Supreme Court. Thereupon the court heard arguments on points I and II. The court after conferring on the bench announced in open court in the presence of defendant's counsel that points I and II lacked merit and that the action of the trial court was affirmed upon the issues raised by such points and that an opinion would subsequently be filed covering all issues.

 We now set forth separately the reasons for our affirmance of the trial court on points I and II. Pope by motion filed August 12, 1968 (filing 178) states that he is being prosecuted in Deuel County, Nebraska, upon first degree murder charges arising from the death of the bank employees whose deaths were made the basis for the § 2113(e) counts in the federal prosecution described in our prior opinion, and that on the basis of his federal conviction he has raised in the state court the double jeopardy defense to the state charges including the first degree murder charges. He states that he dare not press his appeal from his federal conviction "because by so doing he would subject himself to a much greater risk of being sentenced to death by a court of the State of Nebraska" and that his constitutional right to appeal is thus chilled. Defendant urges that a protective order be entered reading as follows:

"If the defendant's convictions, or any of them, under 18 U.S.C. 2113 are reversed by this Court, by the U. S. Court of Appeals, or by the U. S. Supreme Court, and thereafter if the United States within a reasonable time fails to retry the defendant on the indictments in the case at bar or before retrial transfers the custody of the defendant to authorities of the State of Nebraska pursuant to warrants for arrest issued by a Nebraska

State Court, then upon a proper showing by the defendant a judgment of acquittal on the indictments in the case at bar will be entered by this Court."

Such motion was overruled. We are satisfied the court committed no error in overruling the motion.

What Pope is really seeking to do is to stall his federal appeal so that he can base a former jeopardy defense to his state murder prosecution upon a federal conviction and then after such purpose has been served, he desires to prosecute his federal appeal.

The trial court aptly answers Pope's chilling of constitutional rights argument as follows:

"There is no obligation of this Court or of any Federal Court with reference to State prosecutions to provide a path for a defendant that could lead him to immunity, and this is particularly true in the case of a crime such as murder. This Court should not take any action which would restrain either the United States Attorney or the proper county attorney in Nebraska to take such action as the facts warrant and State law may require. Trials as well as appeals always present problems and choices. Whether the choice is good or bad, using the football expression, leads to Monday morning quarterback discussion. And it must always be remembered that it is the defendant who triggered the incidents which brought him into court. * * * The motion of the defendant * * * based as it is upon the speculation that there will be a reversal of the decision of the Court and of the Court of Appeals, will be denied. By necessity the motions can be re-presented to this Court if the facts materialize to justify it. * * * "

We are here concerned only with defendant's federal conviction. Pope's trial in the federal court was completed long before the state prosecution was activated.[1]

---

1. The state murder prosecution was pressed after the death penalty imposed

by the federal district court was decreed invalid by the Supreme Court. An ap-

The rules of appellate procedure as well as proper court administration require the prompt and early disposition of federal criminal appeals. A number of extensions have been granted to the appellant. Neither reason nor authority affords a basis for further delay in the hearing and the disposition of this appeal.

It is a general rule that an accused "should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial." Wilson v. Schnettler, 365 U.S. 381, 385, 81 S.Ct. 632, 635, 5 L.Ed.2d 620; Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607. See Middlebrooks v. Thirteenth Judicial District Circuit Court, 8 Cir., 323 F.2d 485.

Moreover, as stated by the trial court, any decision on what course should be followed with respect to the federal conviction in event the conviction is reversed is premature. If a reversal of the federal conviction should occur, the prosecuting officials are entitled to base their decision on what course to pursue in light of the facts and circumstances then existing. For example, if in the meantime the state conviction is upheld by the Supreme Court of Nebraska and the United States Supreme Court, a further trial in the federal court would serve little purpose. This court by defendant's notice of appeal acquired jurisdiction to hear and determine the issues raised by the appeal. We find nothing in the proceedings instituted in the state court which limits or defeats our jurisdiction to consider the appeal. Pope took the present appeal on December 13, 1968. The Government is entitled to have the validity of his federal conviction determined without further delay.

■ Pope in his trial brief for the first time makes an alternate contention that his right to protection against double jeopardy be provided under 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983. The short answer is that no action seeking such relief was made in the trial court. Moreover, the State which definitely has an interest has not been made a party. Defendant in reply brief concedes this, stating, "When filing 178 was considered by the trial court, the State had not acted and, therefore, it was deemed inappropriate to join them in the action."

We have great doubt whether a declaratory judgment action or a civil rights action can be joined with a criminal appeal. We need not reach such issue because it is clear that no such action was commenced in or was before the trial court.

The double jeopardy issue is before the Nebraska Supreme Court upon appeal from the state conviction. Pope of course has a right to appeal to the Supreme Court for the correction of any error that may be made by the state court. There is no double jeopardy issue properly before us upon this appeal and we express no view upon the double jeopardy issue raised in the state court.

■ We pass to the second issue relating to the claimed error in sentencing. The life sentences imposed were within the statutory limits provided by § 2113 (e). Eighteen U.S.C.A. § 4208(a) relied upon by Pope permits the court to provide in its sentence for a prisoner's eligibility for early parole. Such power under the statute is clearly discretion-

pendix attached to Pope's brief indicates that the double jeopardy issue was raised in the state court and that it was rejected as to the state first degree murder charges upon the ground that proof required to support a first degree murder charge differs materially from that required to establish aggravated bank robbery. Pope was tried and convicted of first degree murder in the state court; death sen-

tences were imposed. Appeal to the Supreme Court of Nebraska is pending. The issue of double jeopardy as a bar to the state criminal proceedings is an issue in the pending state court appeal. We observe again that the record of the state conviction proceedings was not before the trial court and it is brought before us only in the form of an appendix to appellant's brief.

ary. Judge Van Pelt before imposing sentence at defendant's request committed him to the custody of the Attorney General for study under 18 U.S.C.A. § 4208(b) and in addition appointed a psychiatrist named by the defendant to examine him and report. Such reports were filed and considered by the court before sentence was imposed. The jury by its verdict rejected defendant's insanity defense and imposed the maximum penalty available to it. Upon the entire record we are satisfied that the court did not abuse its discretion in imposing the sentences that it did. The rehabilitation of a defendant, while an important consideration, is not the sole standard to be applied in fixing punishment. The deterrent effect of the sentence upon others is also entitled to consideration, particularly with respect to an atrocious crime such as here involved.

After defendant's counsel was advised of the rejection by the court of the two points raised by defendant in brief on this appeal, he was afforded an opportunity to argue the points raised in the original appeal which were not passed upon by the Supreme Court. Counsel declined to do so. We cannot compel Pope or his counsel to presently brief or orally argue issues which they do not choose to presently pursue.

Nevertheless, by reason of the serious nature of the offense charged, we have chosen to re-examine the errors urged and briefed by able counsel on the prior appeal. Such errors are set out and fully considered in our opinion reported at 372 F.2d 710. We have reconsidered the errors there raised which were not reached by the Supreme Court and adhere to the views thereon expressed in our prior opinion.[2]

The judgment is affirmed.

2. We are aware of the Supreme Court's opinions in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, and Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433, decided subsequent to our prior opinion. The death penalty is no longer in the case before us. We believe our analysis of the exclusion of jurors based on conscientious objection to capital punishment appearing at pp. 724–725 of 372 F.2d fairly shows that the jury which tried Pope met *Witherspoon* standards with respect to ability to fairly determine the issue of guilt or innocence.