Fred Douglas PARKER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 74–1636.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1974.

Decided Dec. 13, 1974.
Certiorari Denied April 14, 1975.

See 95 S.Ct. 1576.

Fred D. Parker, pro se.

Donald J. Stohr, U. S. Atty., and J. Kenneth Lowrie, Sp. Atty., Crim. Div., U. S. Dept. of Justice, St. Louis, Mo., filed printed brief for appellee.

Before LAY and HEANEY, Circuit Judges, and SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Petitioner Fred Parker was convicted, along with two codefendants, of two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and of one count of conspiracy to do the same. The subject of this appeal is the District Court's dismissal of his subsequent motion under 28 U.S.C. § 2255 for vacation of sentence

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

and judgment. His sole ground of attack against the conviction is that he was unconstitutionally subjected to double jeopardy because he was convicted after an earlier trial had ended in a mistrial. We affirm.

A brief recitation of the facts concerning the first trial is necessary. On the second day of that trial, after some evidence had already been taken, a juror indicated to the court that she had heard on a radio broadcast that the trial had previously been postponed because a prosecution witness had been threatened. All three defendants immediately moved for a mistrial. The court suggested that it would proceed with a jury of eleven if all of the defendants agreed, and asked the defense counsel to discuss this option with the defendants. After a brief recess, two of the defendants, including the petitioner, declared a willingness to proceed with eleven jurors. The third defendant insisted on a jury of twelve. The court then declared a mistrial as to all defendants. At his second trial, the petitioner made no objection on double jeopardy grounds.

The government contends that the petitioner is barred from asserting the double jeopardy defense, because he did not raise it at his retrial. It points to the following language of this Court:

> Constitutional immunity from double jeopardy is a personal right which if not affirmatively pleaded by the defendant at the time of trial will be regarded as waived.

Ferina v. United States, 340 F.2d 837, 838 (8th Cir.), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965). We repeated this language in United States of America v. John Conley, 503 F.2d 520 at 521 (8th Cir. 1974). The petitioner, however, urges that Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), requires a "knowing and intelligent waiver" of a constitutional right, and that such a waiver is impossible where the defendant is not personally aware of that right. He contends that such a waiver cannot be found where counsel has failed to object without advising his client of the existence of the constitutional defense.

■ The question of whether counsel is empowered to effectively waive the double jeopardy defense without his client's knowledge is a difficult one which we leave to a future decision,[1] because we conclude that the petitioner was not twice placed in jeopardy.[2]

■ It is settled that a defendant is not placed twice in jeopardy within the meaning of the Fifth Amendment where a mistrial is declared, even over his objection, on the ground of "manifest necessity." United States v. Perez, 22 U.S. (9 Wheat) 579, 580, 6 L.Ed. 165 (1824). It is equally settled that, where prejudicial publicity has reached the jurors, there is "manifest necessity" which will justify aborting the trial. See Simmons v. United States, 142 U.S. 148, 154, 12 S.Ct. 171, 35 L.Ed. 968 (1891). Here, a

---

1. The waiver "rule" may not be as absolute as we have stated it. Where we have purported to apply it, we have alternatively held that there was no double jeopardy, see Ferina v. United States, 340 F.2d 837, 839 (8th Cir.), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965); Kistner v. United States, 332 F.2d 978, 980 (8th Cir. 1964), reversed the conviction on other grounds, see United States of America v. John Conley, 503 F.2d 520 (8th Cir. 1974), or noted that the issue was still open to the petitioner in state court. See Pope v. United States, 434 U.S. 325, 329 (8th Cir. 1970), cert. denied, 401 U.S. 949, 91 S.Ct. 953, 28 L.Ed.2d 232 (1971). Moreover, we have not explicitly held that counsel may bind a defendant by his failure to raise the double jeopardy

issue. On the power of counsel to waive constitutional rights, see Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Winters v. Cook, 489 F.2d 174 (5th Cir. 1973) (en banc); Pope v. Swenson, 395 F.2d 321, 326 (8th Cir. 1968); and Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1109–1112 (1970).

2. For the same reason, we reject the petitioner's assertion that an evidentiary hearing on the § 2255 motion was necessary to determine if the waiver of the defense was knowing and intelligent. Nor was an evidentiary hearing needed on the issue of double jeopardy, since all of the facts concerning the mistrial are on the record.

juror had heard information which could have been highly prejudicial to the defendants. The petitioner's argument that the information was not in fact prejudicial is specious, in light of his motion for a mistrial when the juror first informed the court of what she had heard. The decision of whether or not to grant a defendant's motion and declare a mistrial is within the sound discretion of the trial judge. *See* Logan v. United States, 144 U.S. 263, 298, 12 S.Ct. 617, 36 L.Ed. 429 (1891); United States v. Perez, *supra*, 22 U.S. at 580, 6 L.Ed. 165. Neither the prosecutor nor the court was to blame for the radio broadcast, and the dismissal of the juror was for the benefit of the petitioner, not the state. Thus, this case is unlike United States v. Glover, 506 F.2d 291 (2d Cir. 1974).

■ It is also within the court's discretion to reject a defendant's motion to proceed with a jury of eleven. Federal Rule of Criminal Procedure 23(b) provides that

> * * * at any time before verdict the parties may stipulate in writing *with the approval of the court* that the jury shall consist of any number less than 12. (Emphasis supplied.)

The notes of the Advisory Committee indicate that the rule was intended to codify the Supreme Court's decision in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). That case was the first instance in which that Court held that a criminal defendant had the power to consent to a trial by less than twelve jurors. At the same time, the Court spelled out the necessity of obtaining the trial court's consent:

> In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons * * * we do not mean to hold that the waiver must be put into effect at all events. * * * Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and *the sanction of the court must be had*, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Id.* at 312–313, 50 S.Ct. at 263 (Emphasis supplied.)

It is, therefore, clear that a defendant has no absolute right to proceed with a jury of less than twelve.

Two circuits have ruled explicitly that there is no double jeopardy where the trial court refuses to proceed with eleven jurors, even when the defendant desires to do so. *See* United States v. Potash, 118 F.2d 54, 56 (2d Cir.), cert. denied, 313 U.S. 584, 61 S.Ct. 1103, 85 L.Ed. 1540 (1941); Gardes v. United States, 87 F. 172 (5th Cir.), cert. denied, 171 U.S. 689, 19 S.Ct. 884, 43 L.Ed. 1179 (1898). Here, the matter was further complicated by the fact that different defendants made conflicting demands.

■ The petitioner stresses the implicit command of United States v. Jorn, 400 U.S. 470, 487, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), that a trial judge faced with a mistrial motion which is opposed by a criminal defendant should consider all other alternatives which would not involve reprosecution. *See* United States v. Walden, 448 F.2d 925, 929 (4th Cir. 1971), rev'd on reconsideration en banc, 458 F.2d 36, modified, 464 F.2d 1015, cert. denied, Ard v. United States, 409 U.S. 867, 93 S.Ct. 165, 34 L.Ed.2d 116 (1972). We agree that it would be an abuse of the trial court's discretion not to do so. However, the trial judge did consider the alternatives here. After all three defendants demanded a mistrial, it

was the trial court which suggested the possibility of proceeding with eleven jurors, if all would consent. When one refused, the judge had to choose the solution which he thought would be fairest to all defendants. On the facts of this case, the decision to retry all three defendants was within his discretion. *See* Whitfield v. Warden of Md. House of Correction, 486 F.2d 1118, 1124 (4th Cir. 1973). The petitioner was certainly not willing to continue the trial without removing the juror. He demanded a remedy for the interjection of prejudice, and the remedy which he initially demanded was granted. A claim of double jeopardy does not arise from the retrial of a defendant following a mistrial declared upon that defendant's own motion. *See* Roberts v. United States, 477 F.2d 544, 545 (8th Cir. 1973). In effect, despite the petitioner's later wish to proceed with eleven jurors, that was what took place here. We find no double jeopardy in the petitioner's retrial and conviction.

Affirmed.