Gary Dale NELSON, Appellant,

v.

DISTRICT COURT OF the STATE OF IOWA IN AND FOR SCOTT COUNTY, Appellee.

No. 76–1157.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 1, 1976.

Decided Oct. 29, 1976.

John J. Carlin and Gary K. Koos, Davenport, Iowa, for appellant.

Richard C. Turner, Atty. Gen., and Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Gary Dale Nelson appeals from an order of the District Court[1] dismissing his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. He contends that he has been subjected to double jeopardy because a state trial judge granted a mistrial on its own motion after the jury foreman reported that the jury was irreconcilably deadlocked following 5½ hours of deliberation.

Nelson was originally tried in Scott County, Iowa on a charge of receiving and aiding in concealing stolen property. Following the mistrial, he was tried again, this time on an amended information charging that he did "receive or aid in concealing" stolen property. (Emphasis added.) He was convicted, and upon appeal, his conviction was reversed on other grounds and remanded for a new trial. The Iowa Supreme Court, however, rejected his double jeopardy claim. *State v. Nelson*, 234 N.W.2d 368 (Iowa 1975). He then raised his double jeopardy claim in the District Court, which rejected it, holding that the state trial court had not abused its discretion in granting a mistrial.

 The inability of a jury to reach a verdict following a reasonable opportunity to deliberate may make retrial a manifest necessity. If so, the second trial does not offend the constitutional prohibition of double jeopardy. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *Logan v. United States*, 144 U.S. 263, 298, 12 S.Ct. 617, 36 L.Ed. 429 (1892); *Dreyer v. Illinois*, 187 U.S. 71, 86, 23 S.Ct. 28, 47 L.Ed. 79 (1902). *See Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). The decision to declare a mistrial under such circumstances rests in the broad discretion of the District Court. *See, e. g.,*

*Illinois v. Somerville*, 410 U.S. 458, 461–62, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Parker v. United States*, 507 F.2d 587, 589 (8th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1576, 43 L.Ed.2d 782 (1975); *Marienfeld v. United States*, 214 F.2d 632, 638 (8th Cir.), *cert. denied*, 348 U.S. 865, 75 S.Ct. 87, 99 L.Ed. 681 (1954).

Nelson contends that the District Court abused its discretion by failing to question the jurors individually about the prospects of reaching a verdict. In this case, the jury sent word that it was deadlocked; the inquiry was not initiated by the District Judge. *Contrast United States ex rel. Webb v. Court of Common Pleas of Philadelphia County*, 516 F.2d 1034 (3d Cir. 1975). The deadlock was confirmed by the foreman in open court[2] and there is nothing in the record to indicate the jury had not reached a consensus before reporting. *See United States v. See*, 505 F.2d 845 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975).[3]

 Other circumstances relevant to determining the propriety of declaring a mistrial are the length of trial, the length of deliberations, and the complexity of the issues involved. *Id.* at 852. The trial in this case lasted 2½ days and the jury deliberated for 5½ hours before being called into court at 8:30 p. m. Courts have held no abuse of discretion in declaring mistrials in factually similar cases. *See, e. g., United States v. Larry*, 536 F.2d 1149 (6th Cir. 1976) (3-day trial, 3½ hours deliberation); *United States v. Beckerman*, 516 F.2d 905 (2d Cir. 1975) (2½ day trial, 6 hours deliberation); *United States v. Cording*, 290 F.2d 392 (2d Cir. 1961) (3 hours, 50 minutes of deliberation in 3-count trial). *See also H.*

---

1. Honorable William C. Stuart, United States District Judge, Southern District of Iowa.

2. THE COURT: The jury. You are the foreman of the jury. Have you, the jury, reached a verdict, yes or no?
 JURY FOREMAN JACK DAVIS: No, Your Honor.
 THE COURT: Now, do you believe that you could reach a verdict if you continued your deliberations any longer, you now hav-

ing been deliberating five and one-half hours excluding time taken for lunch and for dinner? I want you to answer that yes or no.
 JURY FOREMAN JACK DAVIS: No.

3. The state trial court appropriately noted at the hearing on Nelson's motion to strike the amended information that there was no request by counsel to poll the jury at the time the foreman reported the deadlock.

Kalven & H. Zeisel, The American Jury 459 (1966).

The issues in this case were not complex. The jury was instructed that it must find the following facts in order to convict appellant: (1) that the property in question was obtained by larceny; (2) that appellant received the property from another and aided in its concealment on a given date; (3) that appellant took such action knowing the property was obtained by larceny; and (4) that the value of the property exceeded twenty dollars. The jury's failure to agree upon these straightforward fact issues after 5½ hours of deliberation is certainly consistent with the existence of irreconcilable differences among the jurors.

■ Finally, Nelson contends that this case "smacks of manipulation, whether prosecutorial or judicial, or both." The basis for this allegation is that the second trial was based on an amended information charging him with receiving *or* (in place of "and") aiding in concealing stolen property and also seeking to enhance his sentence by alleging, for the first time, two prior felony convictions. Appellant does not allege any facts to support a finding of actual manipulation. He alleges instead that there exists a possibility of judicial or prosecutorial manipulation inherent in the procedure by which the mistrial was declared, and this possibility bars retrial, relying upon *United States ex rel. Russo v. Superior Court of New Jersey*, 483 F.2d 7 (3d Cir.), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973). In *Russo*, however, the trial judge declared a mistrial on the basis of jury exhaustion without questioning the foreman or the jurors about their condition, despite the fact that it was then only 2:25 p. m. and the jury had not indicated that it was tired or unable to reach a verdict. These facts, coupled with a colorable allegation of actual manipulation,[4] led the court to hold that the mistrial was so fraught with the possibility of manipulation as to

bar retrial. No such possibility was established in this case.

We conclude from a careful review of the circumstances of this case that the finding by the District Court that the state trial court did not abuse its discretion in declaring the mistrial is not clearly erroneous. Accordingly, the District Court order denying appellant's petition for a writ of habeas corpus is affirmed.

---

4. The defendant in *Russo* alleged that, due to faulty construction of the jury room, several persons overheard the deliberations and that it was clear that a majority of jurors favored acquittal.