COMMONWEALTH vs. JASPER DEERAN.

Suffolk. June 11, 1985. — August 14, 1985.

Present: ARMSTRONG, DREBEN & SMITH, JJ.

*Practice, Criminal,* Mistrial, Postconviction relief, Appeal. *Constitutional Law,* Double jeopardy, Waiver of constitutional rights. *Waiver.*

Where a criminal defendant's appeal from the denial of his motion for a new trial raised a substantial double jeopardy claim which had not been considered previously by any court on its merits, and where consideration of this claim would require review of an unappealed order of a single justice of the Supreme Judicial Court in a proceeding brought by the defendant some years earlier, this court, in the interest of the efficient administration of justice, and in view of the absence of explicit statutory authority to review the single justice's order, reported the appeal to the Supreme Judicial Court for consideration and determination. [592-593]

INDICTMENTS found and returned in the Superior Court on December 16, 1970.

A motion for postconviction relief, filed on February 2, 1984, was heard by *John T. Ronan,* J.

*Lillian A. Wilmore* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

BY THE COURT. In his motion for postconviction relief, the defendant urges a substantial double jeopardy claim[1] which has

---

[1] See *United States* v. *Jorn,* 400 U.S. 470, 485 (1971); *Arizona* v. *Washington,* 434 U.S. 497, 503 (1978); *Thames* v. *Commonwealth,* 365 Mass. 477, 479 (1974); *Jones* v. *Commonwealth,* 379 Mass. 607, 618, 622 (1980); *Barton* v. *Commonwealth,* 385 Mass. 517, 518-519 (1982); *United States* v. *Hotz,* 620 F.2d 5, 6 (1st Cir. 1980); *Reinstein* v. *Superior Court,* 661 F.2d 255, 257 (1st Cir. 1981), cert. dismissed, 455 U.S. 995 (1982).

not been considered by any court on the merits. He also advances a less established, but nevertheless nontrivial, contention that he has never effectively waived that claim. See *Commonwealth* v. *Clark*, 379 Mass. 623, 626 (1980), & notes 2-4, *infra*. In 1976, a single justice of the Supreme Judicial Court held that the defendant's double jeopardy challenge was foreclosed. The defendant's present motion for a new trial raises a nonfrivolous issue which requires review of that order. Such an anomalous review should not, we think, be undertaken in this court, in the absence of statutory authority or the direction of the Supreme Judicial Court, see G. L. c. 211A, § 10, and G. L. c. 231, § 112. Accordingly, the panel reports the case to the Supreme Judicial Court for consideration and determination. G. L. c. 211A, § 12. *Boston Seaman's Friend Soc.* v. *Attorney Gen.*, 379 Mass. 414, 415 n.2 (1980).

1. *Prior proceedings.* After a mistrial had been declared by the trial judge, sua sponte, at the defendant's first trial, the defendant was convicted at a second trial of second degree murder and a firearms charge. The convictions were affirmed. *Commonwealth* v. *Deeran*, 364 Mass. 193 (1973). In 1975, the defendant filed a petition for a writ of error. A single justice of the Supreme Judicial Court held that the defendant's challenge to his conviction on double jeopardy grounds was "foreclosed by the fact that no timely objection was made or exception taken to the declaration of a mistrial or to the holding of a second trial." The single justice also rejected the defendant's contention that he had been denied the effective assistance of counsel.

Although the defendant did not appeal the decision of the single justice to the full bench, in August, 1976, he filed a pro se motion for a new trial based on the lack of "manifest necessity" for the declaration of a mistrial. After counsel of his choice had been appointed in 1977, however, the defendant filed an affidavit in which he averred that upon review of the memorandum of the single justice and "after consultation with my attorney . . . ., I realize that the issues raised in my Motion for a New Trial were resolved in said Supreme Judicial Court action." The affidavit sought leave to withdraw his motion for

a new trial which had raised the double jeopardy contention. Some time thereafter, his counsel filed a motion for a new trial raising issues other than the claim of double jeopardy. That motion was denied and the denial was affirmed on appeal. *Commonwealth* v. *Deeran*, 10 Mass. App. Ct. 646 (1980).

The defendant filed a petition for habeas corpus in a Federal court. In 1982, a United States magistrate ruled, on the Commonwealth's motion to dismiss the petition, that the defendant has a "very compelling claim" of double jeopardy, that a "series of counsel have 'dropped the ball' on petitioner's very strong Double Jeopardy claim," that the defendant had not effectively waived his claim and that he had exhausted his State remedies. A United States district judge declined to follow the recommendation of the magistrate and held that the defendant had not exhausted his State claims as he could still seek review under Mass.R.Crim.P. 30, 378 Mass. 900 (1979). He ordered the petition dismissed for failure to pursue available State court remedies.

The present action ensued, and a Superior Court judge, "interpreting the prior proceedings most favorably to the defendant," took the view "that the double jeopardy issue had not been waived or abandoned as of May, 1977." The motion judge, applying Mass.R.Crim.P. 30(c) (2), 378 Mass. 901 (1979), ruled that since the 1979 motion for a new trial did not raise the double jeopardy issue, the defendant had waived that claim. The judge, exercising "discretion," declined to afford Deeran another opportunity to raise the issue.

Questions not addressed by the motion judge are: whether (1) the defendant must "understand[] that he is giving up his constitutional right." *Lydon* v. *Commonwealth,* 381 Mass. 356, 370 n.4, cert. denied, 449 U.S. 1065 (1980) (Liacos, J., dissenting, with Abrams, J.), citing *Johnson* v. *Zerbst*, 304 U.S. 458 (1938); see *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 237-238 (1973);[2]

---

[2](a) A number of Federal Circuit Courts have either cited *Johnson* v. *Zerbst* or have indicated that the waiver of the claim of double jeopardy must be intelligent and voluntary. First Circuit: see *Lydon* v. *Boston Municipal Court*, 698 F.2d 1, 9-10 (1st Cir. 1983), rev'd, 466 U.S. 294 (1984). Third Circuit: see *United States* v. *Young*, 503 F.2d 1072,

if not, (2) whether counsel may waive this right for

1074-1075 (3d Cir. 1974). Seventh Circuit: see *United States* v. *Anderson*, 514, F.2d 583, 586 (7th Cir. 1975) (but see *United States* v. *Buonomo*, 441 F.2d 922, 924-925 [7th Cir.], cert. denied, 404 U.S. 845 [1971]). Eighth Circuit: see *Walker* v. *Lockhart*, 620 F.2d 683, 687 (8th Cir. 1980), cert. denied, 449 U.S. 1085 (1981); *United States* v. *Pratt*, 657 F.2d 218, 220-221 (8th Cir. 1981) (see also *Parker* v. *United States*, 507 F.2d 587, 588 n.1 [8th Cir. 1974] [suggesting a retreat from earlier cases finding waiver], cert. denied, 421 U.S. 916 [1975]). Tenth Circuit: *United States* v. *Rich*, 589 F.2d 1025, 1032 (10th Cir. 1978); *United States* v. *Broce*, 753 F.2d 811, 818 822 (10th Cir. 1985) (guilty plea).

   (b) The Fifth and Ninth Circuits have held, as does the case of *Commonwealth* v. *Clark*, 379 Mass. at 625-626, that a counseled guilty plea does not waive a double jeopardy claim. *United States* v. *Broussard*, 645 F.2d 504, 505 (5th Cir. 1981); *Launius* v. *United States*, 575 F.2d 770, 772 (9th Cir. 1978). See also *Menna* v. *New York*, 423 U.S. 61 (1975). The Fourth Circuit may also hold this view. See *Burgess* v. *Griffin*, 743 F.2d 1064, 1065 (4th Cir. 1984), affirming on the basis of the opinion in *Burgess* v. *Griffin*, 585 F. Supp. 1564 (W.D.N.C. 1984) (but see *Brown* v. *Maryland*, 618 F.2d 1057, 1059 [4th Cir.], cert. denied, 449 U.S. 878 [1980]).

   The First and Eleventh Circuits have held that a counseled guilty plea waives a double jeopardy claim, at least where the claim depends on the factual basis of the plea. *Kerrigan* v. *United States*, 644 F.2d 47, 49 (1st Cir. 1981); *United States* v. *Allen*, 724 F.2d 1556, 1558 (11th Cir. 1984).

   The District of Columbia, Second, Sixth and Eleventh Circuits find a waiver in a failure to raise a double jeopardy claim prior to or at the second proceeding or on appeal. *United States* v. *Scott*, 464 F.2d 832, 833 (D.C. Cir. 1972) (see also *United States* v. *Wild*, 551 F.2d 418, 424-425 [D.C. Cir.], cert. denied, 431 U.S. 916 [ 1977]); *Paul* v. *Henderson*, 698 F.2d 589, 592 (2d Cir.), cert. denied, 464 U.S. 835 (1983); *Barker* v. *Ohio*, 328 F.2d 582, 584-585 (6th Cir. 1964); *United States* v. *Bascaro*, 742 F.2d 1335, 1365 (11th Cir. 1984).

   Similarly, the Fifth and Ninth Circuits, although holding that a counseled guilty plea does not waive a double jeopardy claim, find a waiver in a defendant's failure to raise the claim in a second trial. See *Grogan* v. *United States*, 394 F.2d 287, 289 (5th Cir. 1967), cert. denied, 393 U.S. 830 (1968); *United States* v. *Milhim*, 702 F.2d 522, 524 (5th Cir. 1983) (but see *McNeal* v. *Hollowell*, 481 F.2d 1145, and dissent of Coleman, J., at 1153 [5th Cir. 1973], cert. denied, 415 U.S. 951 [1974]); *Haddad* v. *United States*, 349 F.2d 511, 513-514 (9th Cir.), cert. denied, 382 U.S. 896 (1965); cf. *United States* v. *Flick*, 716 F.2d 735, 737 (9th Cir. 1983).

   (c) A defendant's motion for a mistrial (or consent thereto) need not meet the *Johnson* v. *Zerbst* standard. *United States* v. *Dinitz*, 424 U.S. 600, 609 n.11 (1976).

the defendant,[3] and if so, (3) whether the various "waivers," in the several circumstances, constituted ineffective assistance of counsel.[4]

We think review should not be limited to the question whether there was a "waiver" in 1979. The important public interest in the finality of litigation requires, we think, a review of the entire history of the double jeopardy claim made by the defendant as well as a consideration of the relationship between any waiver of that claim and the defendant's right to the effective assistance of counsel.

2. *Absence of statutory authority to review order of single justice of the Supreme Judicial Court.* General Laws c. 211A, § 10, inserted by St. 1972, c. 740, § 1, provides that this court "shall have concurrent appellate jurisdiction with the supreme judicial court . . . with respect to a determination made in the superior court, the land court, the probate courts and the district courts in jury session . . . ." There is no express grant of jurisdiction to review an order of a single justice of the Supreme Judicial Court. Compare *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 795 (1980), where we held it appropriate for a panel of this court to review an order under G. L. c. 231, § 6(g), of a single justice of this court. In the circumstances, the judges constituting the panel are of opinion that the efficient administration of justice requires that the case be reported to

---

[3] *United States* v. *Rich*, 589 F.2d at 1032 (10th Cir.), holds that counsel may not waive this right. *Parker* v. *United States*, 507 F.2d at 588 (8th Cir.), states that the question whether counsel may waive the right is a difficult one, and *Walker* v. *Lockhart*, 620 F.2d at 687 (8th Cir.), suggests that counsel may not waive it. See also *Commonwealth* v. *Donovan*, 8 Mass. App. Ct. 313, 317 n.4 (1979).

[4] See *Government of V.I.* v. *Smith*, 445 F.2d 1089, 1094 (3d Cir. 1971) (where the court sua sponte set aside the judgment and spoke of the inexplicable failure of counsel to assert as a bar against the second trial the patently available double jeopardy defense); *United States* v. *Young*, 503 F.2d at 1075 (3d Cir.); *Burgess* v. *Griffin*, 585 F. Supp. at 1572, aff'd, 743 F.2d 1964 (4th Cir.). See also *Commonwealth* v. *Rossi*, 19 Mass. App. Ct. 257, 260 (1985).

the Supreme Judicial Court for consideration and determination. G. L. c. 211A, § 12.

*So ordered.*