16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
James Peter TAYLOR, Appellant.
 No. 93-1773.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 James Peter Taylor, a federal prisoner, appeals from the district court's[1] denial of his motion to correct his sentence under former Federal Rule of Criminal Procedure 35. Although the government asserts that we lack jurisdiction to entertain this appeal, we determine that jurisdiction exists, and we proceed to the merits. Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying the motion. See United States v. Eddy, 677 F.2d 656, 657 (8th Cir. 1982).
 
 
 2
 Taylor correctly points out that count I of the 1956 indictment against him did not specify which subsection of the bank robbery statute, 18 U.S.C. Sec. 2113, he violated. However, the language of count I sufficiently tracked section 2113(b) to charge possession of bank property with intent to steal (the underlying felony), and it adequately charged the elements of murder committed in the course of the felony to satisfy section 2113(e). Taylor pleaded guilty to count I. The sentencing court had authority under section 2113(e) to sentence Taylor to life imprisonment. See Pope v. United States, 434 F.2d 325, 329 (8th Cir. 1970), cert. denied, 401 U.S. 949 (1971).
 
 
 3
 Taylor also correctly argues that he could not have been sentenced under section 2113(e) and under any other subsection of section 2113. See United States v. Delay, 500 F.2d 1360, 1367 (8th Cir. 1974). However, Taylor was not twice sentenced under section 2113. The district court imposed a life term under section 2113(e). Count II also charged a section 2113 offense, but the court dismissed that count when Taylor entered his plea to count I.
 
 
 4
 We reject as meritless Taylor's contention that he could not be sentenced on counts III and IV because he was sentenced on count I. The crimes charged in counts III and IV were separate and distinct crimes requiring proof of different elements. Taylor pleaded guilty to both counts. The sentencing court properly imposed sentence on each count as a separate conviction. We need not consider Taylor's double jeopardy claim as it is raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). In any event, we would find the claim to be without merit.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota