Cite as 2019 Ark. 404

# SUPREME COURT OF ARKANSAS

No. CV-19-214

| | |
|---|---|
| RALPH DOUTHITT | **Opinion Delivered**. December 19, 2019 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | LINCOLN COUNTY CIRCUIT COURT |
| | [NO. 40CV-18-140] |
| WENDY KELLEY, DIRECTOR, | |
| ARKANSAS DEPARTMENT OF | HONORABLE JODI RAINES DENNIS, |
| CORRECTION | JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Ralph Douthitt appeals the circuit court's denial of his petition seeking "an extraordinary writ pursuant to the all writ act § 1651." The circuit court treated Douthitt's petition as a petition for writ of habeas corpus and denied it.

In appeals of postconviction proceedings, this court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Porter v. State*, 2018 Ark. 22. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id*. Because we find that the circuit court did not clearly err when it denied Douthitt's petition for an extraordinary writ, we affirm.

Douthitt was convicted of sixty-one felony counts of rape, incest, and violation of a minor and was sentenced to serve an aggregate term of 2,088 months' imprisonment. We affirmed. *Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996). In his petition, Douthitt

sought to set aside his convictions by challenging the admissibility of evidence seized in an allegedly illegal search. Douthitt raises the same claims and arguments on appeal.

Douthitt's petition for relief was filed pursuant to "the all writs act § 1651." This is a federal act that states in pertinent part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ." 28 U.S.C. § 1651(a). The actions of state courts are outside the purview of federal authority under the All Writs Act. *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cty.*, 323 F.2d 485, 486 (8th Cir. 1963) (Since we have no power to review and correct any order or judgment of the state court, we cannot issue writs in potential control or supervision as to such a power.). In sum, the All Writs Act does not provide postconviction remedies to defendants like Douthitt who are convicted by state courts for violations of state laws.

As stated above, the circuit court treated Douthitt's petition as a petition for writ of habeas corpus and denied it. Indeed, Douthitt filed his petition in the county where he is incarcerated, named the director of the Arkansas Department of Correction as the respondent, and asked that his sentence be vacated. To the extent that Douthitt sought a writ of habeas corpus, he did not state a cognizable claim. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Jurisdiction is the power of the court to hear and determine the subject matter in

2

controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416. Douthitt did not allege either a lack of jurisdiction or an illegal sentence. Rather, as stated above, Douthitt challenged the admissibility of evidence seized in an alleged illegal search. Issues that concern factual questions on the admissibility of evidence that could have been raised and addressed at trial are not cognizable in habeas proceedings. *Davis v. Kelley*, 2019 Ark. 1, 564 S.W.3d 512.

Affirmed.

Special Justice GUNNER DELAY joins in this opinion.

HART, J., concurs in part; dissents in part.

KEMP, C.J., not participating.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.**

I agree that Mr. Douthitt was clearly seeking an "extraordinary writ" pursuant to the All Writs Act, 28 U.S.C. § 1651, and that Arkansas State Courts have no authority to grant postconviction relief under that federal law. Furthermore, if this court does not have the jurisdiction to act under the All Writs Act, the circuit court must similarly lack jurisdiction to entertain Mr. Douthitt's petition.

However, if the majority deems it appropriate to broadly construe Mr. Douthitt's petition, as the circuit court obviously did, I disagree with the conclusion that he did not state a cause of action. As I noted in *Noble v. State*, 2019 Ark. 284, 585 S.W.3d 671, (Hart, J., dissenting), the Arkansas habeas statute states in pertinent part:

The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). The majority makes the same mistake of law by asserting that a writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the case, as it did in *Jackson v. Norris*, 2011 Ark. 49, 378 S.W.3d 103.

That case was, of course, reversed by the Supreme Court as a companion case to *Miller v. Alabama*, 567 U.S. 460 (2012). If this court insists on construing Mr. Douthitt's petition as one sounding in habeas, he has clearly asserted that he is illegally detained, which is all section 16-112-103 requires.

*Ralph Douthitt*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.