Barry L. JOHNSON *v.* STATE of Arkansas

CR 88-182                                                         769 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Darrell F. Brown & Associates, P.A.,* for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant filed a petition for a writ of habeas corpus alleging that he was convicted and sentenced in municipal court and later convicted and sentenced in circuit court on the same facts. The circuit court declined to issue the writ. We affirm.

■ The issue on appeal is whether the petitioner established that he was being held without lawful authority. Ark. Code Ann. § 16-112-103(a) (1987). One is held without lawful authority when it is shown that: (1) The commitment is invalid on its face; or (2) the court lacked jurisdiction. *George v. State*, 285 Ark. 84, 685 S.W.2d 141 (1985). Neither of these conditions was met in this case.

(1) Commitment Invalid on Its Face. Appellant makes no assertion that the commitment was invalid on its face.

■ (2) Court Lacked Jurisdiction. At the time of the second conviction, the one in circuit court, the trial court had personal jurisdiction over the appellant and also had jurisdiction over the subject matter, and had authority to render the particular judgment. Thus, the trial court had jurisdiction and habeas corpus will not issue. *See Goodman v. State*, 221 Ark. 308, 254 S.W.2d 63 (1952).

Affirmed.

HOLT, C.J., and PURTLE, J., concur.

JACK HOLT, JR., Chief Justice, concurring. I concur, but would decide this habeas corpus case on the basis of waiver as discussed in *United States v. Broce*, __ U.S. __, 109 S.Ct. 757 (1989). In that case the Supreme Court held that a defendant must raise a double jeopardy argument at the time of the alleged second conviction or else the issue is waived and, therefore, cannot be raised in a subsequent habeas corpus proceeding. I would overrule any of our cases with dictum to the contrary.

PURTLE, J., joins in this concurrence.