Alfred James MILLER, Jr. *v.* STATE of Arkansas

CR 89-142                                          781 S.W.2d 475

Supreme Court of Arkansas
Opinion delivered December 18, 1989

---

*Gregory Ferguson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of a petition for a writ of habeas corpus. Alfred James Miller, Jr., was accused of robbing a grocery store while armed with a butcher knife. He pleaded guilty to aggravated robbery and was convicted in 1978. Since then, he has contended in petitions filed pursuant to Ark. R. Crim. P. 37 that no formal judgment was entered in his case. He argues he was entitled to post-conviction relief because without a dated judgment he was unable to calculate the effect of his sentence on a sentence he was serving when convicted and could not know when his time for seeking Rule 37 relief would expire. His two Rule 37 petitions were denied, and he has made the same allegations in his petition for a writ of habeas corpus.

■ The writ of habeas corpus may be granted upon a showing of probable cause that an incarcerated person is detained without lawful authority or is being detained without bail to which he is entitled. Ark. Code Ann. § 16-112-103(a) (1987). The writ may not be granted unless it is shown that the commitment is unlawful on its face or that the court authorizing the commitment lacked jurisdiction. *Johnson* v. *State*, 298 Ark. 479, 769 S.W.2d 3 (1989); *George* v. *State*, 285 Ark. 84, 685 S.W.2d 141 (1985).

■ The amended order of commitment in this case purports to be a true transcript of the judgment and sentence of the court. It refers to proceedings of September 8, 1978, at which Mr.

Miller pleaded guilty to aggravated robbery and was sentenced to 50 years imprisonment with 20 years suspended, noting that Mr. Miller admitted he had previously been convicted of four felonies. Mr. Miller does not even allege that the order is unlawful on its face or that the court lacked jurisdiction. The trial court correctly observed that the relief sought was more in the nature of the kind which can be granted pursuant to Rule 37. He properly refused to consider Rule 37 relief because it had already been sought and denied.

Mr. Miller has also argued that certain testimony was improperly received in the hearing on the writ. We need not address that point because it would not affect the disposition of the case even if correct.

Affirmed.