JOHN DAN KEMP, Chief Justice
Richard Alan Davis seeks leave from this court to proceed with a belated appeal of a circuit court order that dismissed his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Because the record reflects that Davis timely filed a notice of appeal but did not tender the record to this court in a timely manner, we treat the motion as a motion for rule on clerk. Marshall v. State , 2017 Ark. 208, 521 S.W.3d 456[1] (When the notice of appeal was timely filed, but the record was not timely tendered to this court, a motion for belated appeal is treated as a motion for rule on clerk.). Inasmuch as it is clear from the record that Davis could not prevail on appeal if the appeal went forward, the motion is dismissed. An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus, will not be permitted to proceed when the appellant could not prevail. See Hill v. Kelley , 2018 Ark. 118, 542 S.W.3d 852, reh'g denied (May 24, 2018).
In his habeas petition, Davis contended that the writ should issue because his judgment of conviction entered in 1988 for capital murder, aggravated robbery, and theft of property was obtained in violation of the constitutional provision against self-incrimination, he was denied effective assistance of counsel at trial and in his proceeding under Arkansas Rule of Criminal Procedure 37.1 (1988), and his trial attorney did not perfect an appeal from the judgment of conviction in the case.[2] None of the grounds is a basis for the writ.
*514 A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or for seeking postconviction relief. Watkins v. Kelley , 2018 Ark. 215, 549 S.W.3d 908.
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Collier v. Kelley , 2018 Ark. 170.
Davis argues that the judgment in his case was illegal on its face and the trial court lacked jurisdiction to enter the judgment because he was not advised by police investigators during interrogations before trial of his right against self-incrimination as required by Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The issue concerns factual questions on the admissibility of evidence that could have been raised at trial and addressed there. It is a claim of a constitutional violation and trial error that does not implicate the facial validity of the judgment or the jurisdiction of the trial court. As such, the allegation is not within the purview of a habeas corpus proceeding. Anderson v. Kelley , 2018 Ark. 222, 549 S.W.3d 913, reh'g denied (Aug. 2, 2018); see also Ratliff v. Kelley , 2018 Ark. 105, 541 S.W.3d 408 (noting that assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court).
With respect to Davis's allegation that he was not afforded effective assistance of counsel, ineffective-assistance-of-counsel claims are not cognizable in habeas proceedings. McConaughy v. Lockhart , 310 Ark. 686, 840 S.W.2d 166 (1992). Such allegations are properly raised under Arkansas Rule of Criminal Procedure 37.1. A habeas proceeding is not a substitute for filing a timely petition for postconviction relief or an opportunity to raise the issue again if it has already been considered in a Rule 37.1 proceeding. Barber v. Kelley , 2017 Ark. 214.
As to Davis's contention that the writ should issue because his attorney failed to pursue a direct appeal from the judgment in his criminal case, the argument does not establish a ground for the writ. Davis's remedy for counsel's failure to pursue a direct appeal was a timely motion for belated appeal. In 2001, Davis filed a motion for belated appeal of the judgment, but it was denied because it was *515 not timely filed within eighteen months of the date the judgment was entered as required by Arkansas Rule of Criminal Procedure 36.9, which was in effect at the time the judgment was entered. Davis v. State , CR-00-899, 2001 WL 43647 (Ark. Jan. 18, 2001) (unpublished per curiam). A habeas proceeding does not take the place of a motion for belated appeal timely filed in accordance with the prevailing rules of procedure.
Motion treated as a motion for rule on clerk and dismissed.
Hart, J., dissents.
Josephine Linker Hart, Justice, Dissenting.
Mr. Davis has not yet perfected his appeal. In fact, he has not even been allowed to file his appeal. Accordingly, this court's jurisdiction is limited to considering his motion for rule on clerk. Thus, while dismissing Mr. Davis's appeal might comport with due process, summary dismissal, purportedly on the merits, does not.
Motions for rule on clerk are governed by Arkansas Supreme Court Rule 2-2, which states:
(a) Record Tendered Late. Where a record is tendered which, on its face, appears to be outside the time allotted for docketing the case, it shall be the duty of the Clerk to notify the attorney representing the appellant and note on the record the date the tender was made.
(b) Docketing for Purpose of Presenting Request for Rule-Service of Motion. If the appellant contends that the Clerk is in error in refusing to file the record, then upon payment of the regular filing fee, the case shall be tentatively docketed and numbered. The appellant shall then file a motion in accordance with Rule 2-1 to require the Clerk to docket the case as an appeal. A copy of the motion shall be served by the appellant upon opposing counsel, and evidence of service shall be furnished to the Clerk with the motion at the time of filing.
(c) Procedure When Rule Granted. If the motion is granted, the case shall proceed in the regular manner for appeals without payment of any additional fee.
(d) Procedure When Rule Denied. If the motion is denied, the case shall be stricken from the docket, the jurisdiction of the Court terminated, and the filing fee forfeited.
In the case before us, Mr. Davis's record was only tendered pending the resolution of his motion for rule on clerk. Ark. Sup. Ct. R. 2-2(a). In order for this appeal to be considered on the merits, the motion for rule on clerk must be granted. Ark. Sup. Ct. R. 2-2(c). Thus it is patently absurd for this court to dispose of this case on a record that is not before it.
Regarding Mr. Davis's motion for rule on clerk, he alleges irregularities in the handling of his notice of appeal by the Lee County Circuit Clerk. Given the recent history of how inmate filings were handled by circuit clerks in this state, see, e.g. , Halfacre v. Kelley , 2016 Ark. 171, in my view, it is incumbent on this court to treat such accusations with a little more circumspection. Under the Arkansas Constitution, all persons, including prison inmates, have a constitutional right to an appeal. Ark. Const. amend. 80 § 11. This court should safeguard the constitutional rights to due process and access to the courts of all persons.
I dissent.

Arkansas Rule of Appellate Procedure-Civil 5(a) (2017) provides that "[t]he record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal," unless the time is extended. See State v. Bragg , 2016 Ark. 242, at 6, 2016 WL 3346350. The record in this case contains no motions or orders for extension of time. Davis filed his notice of appeal on April 9, 2018, and he tendered the record on appeal and filed his motion to proceed with the appeal here on September 25, 2018, which was 169 days after he had filed the notice of appeal.

In 2005, the judgment reflecting the convictions entered in 1988 was amended as the result of Davis's having filed a petition for postconviction relief that was granted in 1991 on the ground that the aggravated-robbery and theft-of-property convictions were underlying offenses to the charge of capital murder. (The cause of the delay in amending the judgment is not clear from the record.) Also in 1988, Davis was found guilty by a jury in a separate case of an additional aggravated robbery. A direct appeal was not perfected from any of the judgments.