KAREN R. BAKER, Associate Justice
Appellant Everett Foreman appeals the denial by the Lee County Circuit Court of his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Foreman raises two grounds for reversal of the order-that the circuit court erred in declaring his petition untimely and in *486 holding that the petition was without merit. We affirm.
I. Background
In 1994, Foreman was convicted in Pulaski County Circuit Court of first-degree murder in the shooting death of an off-duty police officer and sentenced to life imprisonment. This court reversed the judgment and remanded the case for a new trial. Foreman v. State , 321 Ark. 167, 901 S.W.2d 802 (1995). On retrial, Foreman was again convicted and sentenced to life imprisonment. We affirmed. Foreman v. State , 328 Ark. 583, 945 S.W.2d 926 (1997). Foreman filed the petition for writ of habeas corpus in the county where he is incarcerated.
II. Grounds for Issuance of the Writ
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. Baker v. Norris , 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. Johnson v. State , 298 Ark. 479, 769 S.W.2d 3 (1989).
Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
III. Standard of Review
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
IV. Timeliness of the Petition
The circuit court held that, in addition to being without merit, Foreman's petition for writ of habeas corpus was not timely because it was not filed within ninety days of the date that the judgment of conviction was entered. However, the Arkansas Constitution nor the state statutes place a time limit on pursuing a writ of habeas corpus. Renshaw v. Norris , 337 Ark. 494, 989 S.W.2d 515 (1999). Indeed, to do so would contravene the proscription against suspending the right to habeas corpus. Id. Nevertheless, the court was correct that Foreman's petition clearly lacked merit. This court will affirm the circuit court's decision when it reached the right result even if a wrong reason may have been stated. See Marshall v. State , 2017 Ark. 208, 521 S.W.3d 456.
V. Recantation of Trial Testimony
It was Foreman's contention that the writ should issue because in 2017 a key witness recanted her trial testimony that had implicated him as the person who had shot the police officer. He argues that the recantation of the witness's testimony renders the judgment in his case invalid because *487 no reasonable juror would have found him guilty of first-degree murder if the witness had not perjured herself at his trial.
In this case, the circuit court had jurisdiction to render the judgment of conviction; therefore, Foreman was required to show that the judgment was unlawful on its face. Miller v. State , 301 Ark. 59, 781 S.W.2d 475 (1989). Foreman's allegation that the judgment in his case was obtained by the false testimony of a witness does not demonstrate that the judgment was unlawful on its face. The claim that a witness committed perjury is a challenge to the sufficiency of the evidence to sustain the judgment of conviction, and an attack on the sufficiency of the evidence is not cognizable in habeas proceedings. Clay v. Kelley , 2017 Ark. 294, 528 S.W.3d 836 ; see also Johnson v. State , 2018 Ark. 42, 538 S.W.3d 819 (holding that a defendant's challenge to the sufficiency of the evidence to support rape conviction was outside the purview of habeas corpus relief).
Affirmed.