Cite as 2020 Ark. 342

# SUPREME COURT OF ARKANSAS

No. CV-20-83

| | |
|---|---|
| MAURICE TRAMMEL | **Opinion Delivered** October 22, 2020 |
| APPELLANT | |
| V. | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CV-19-135] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Maurice Trammel appeals the denial of his pro se petition for writ of habeas corpus. Trammel alleged that at his plea hearing the circuit court illegally enhanced his sentence without evidence of his prior convictions. Because Trammel's claim alleges trial error, it is not cognizable in a writ of habeas corpus. We affirm the circuit court's order.

## I. *Background*

In September 2018, Trammel pleaded nolo contendere in Hempstead County to multiple felony counts in three separate criminal cases: 29CR-18-67, 29CR-18-68, and 29CR-18-102. Trammel's sentencing orders, which he attached to his habeas petition, show he was sentenced to concurrent sentences of 240 months' imprisonment with 60 months' imprisonment suspended for aggravated robbery and furnishing prohibited articles.

Trammel also was sentenced to 240 months' imprisonment for theft of property to be served concurrently with the above sentences.

Pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016), Trammel filed a pro se petition for habeas corpus. He alleged that the sentences in these cases are illegal because the circuit court imposed a habitual-offender enhancement without proof that Trammel had committed more than one but less than four prior felonies. The circuit court denied the petition and found that because Trammel had entered a nolo contendere plea, the State did not have to present proof of his habitual-offender status. On appeal, Trammel raises the same arguments and insists that the sentence is illegal on its face because the order reflects a criminal-history score of zero.

II. *Nature of the Writ and Standard of Review*

A writ of habeas corpus is proper when a judgment and commitment order is facially invalid or when a circuit court lacks jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court has authority to adjudicate the case. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001, must plead either the judgment was facially invalid or that the trial court lacked jurisdiction and must show probable cause, by affidavit or other evidence, that he is being

illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). A circuit court's inquiry is limited to the facial validity of the judgment and commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was facially invalid, there is no basis for issuing a writ of habeas corpus. *Fields v. Hobbs*, 2013 Ark. 416.

We will affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

III. *Claim for Relief*

Trammel argues that his sentence is illegal because the State did not introduce proof of the prior felony convictions at his plea hearing, and therefore, the court illegally enhanced the sentences for aggravated robbery, theft of property, and furnishing prohibited articles.[1] Trammel's claim of trial error is not cognizable in habeas proceedings. When a defendant enters a plea of guilty, the plea is his trial. A habeas corpus proceeding does not allow a prisoner to retry his case. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819. Claims of an

---

[1]We note that when Trammel committed the crime of aggravated robbery, it was classified as a Y felony. Ark. Code Ann. § 5-12-103 (Repl. 2013). The sentence for a Class Y felony is not less than ten years nor more than forty years or life. Ark. Code Ann. § 5-4-401 (Repl. 2013). Trammel's sentence of 240 months' imprisonment fell within the statutory range for the charge of aggravated robbery.

involuntary plea or of improper plea procedures do not raise a question of a void or illegal sentence that may be addressed in a habeas proceeding. *Id.* Accordingly, Trammel's claim of error by the trial court that accepted his plea of nolo contendere was not within the purview of the remedy. The writ cannot be issued to correct irregularities that a defendant could have raised during that plea proceeding. *Id.*

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. First, as I have observed before, the majority's position that Arkansas habeas relief should be available only when the circuit court lacked jurisdiction or when a commitment order is facially invalid is incorrect. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). But in this case, even under the majority's narrow conception of habeas corpus, Trammel chins the pole. The majority incorrectly limits Trammel's argument—he is not just arguing that the prosecution failed to offer any evidence of criminal history at his plea hearing. Trammel argues that his commitment order subjects him to an enhancement while simultaneously reflecting that he has a criminal-history score of zero, i.e., his commitment order *is* invalid on its face. The majority opinion does not address this problem, which appears to be an entirely meritorious basis for issuing the writ.

I dissent.