Cite as 2020 Ark. 345

# SUPREME COURT OF ARKANSAS
No. CV-20-296

| | |
|---|---|
| LUTHER LEWIS<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** October 29, 2020<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-137]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Luther Lewis appeals from the denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Lewis stated no ground in the petition on which the writ could issue, the circuit court's order is affirmed.

## I. *Facts*

In 2019, Lewis entered a plea of guilty to three counts of first-degree terroristic threatening and was sentenced to 120 months' imprisonment. In 2020, Lewis filed the habeas petition in which he contended that (1) his behavior that led to the charges filed against him did not constitute terroristic threatening, (2) his arrest was illegal, and (3) his plea of guilty was rendered involuntary by flaws in the guilty-plea proceedings. The circuit

court held that none of the allegations were cognizable in a habeas proceeding. In this appeal, Lewis reiterates the claims.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner seeking scientific testing of evidence who does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*, 434 S.W.3d 364.

III. *Claims for Relief*

A. Sufficiency of the Evidence

Lewis argues that he did not commit terroristic threatening because his conduct did not satisfy the elements of that offense; thus, he was actually innocent. His allegation, however, is not that some other person committed the offense or that there was no conduct on his part that gave rise to the charges; instead, it is Lewis's claim that the evidence was merely insufficient to sustain a conviction for the offense. A true claim of "actual innocence" would lie in the petitioner's contention that there is scientific evidence to prove that he did not commit the offense. Such a claim of innocence must be raised under Act 1780. *See Leach v. Kelley*, 2020 Ark. 200, 600 S.W.3d 568. Because a habeas inquiry pursuant to section 16-112-101 is limited to the face of the commitment order, habeas proceedings are not a means to challenge the sufficiency of the evidence in a case. *Id.*, 600 S.W.3d 568. When a defendant enters a plea of guilty, the plea is his trial, and a habeas proceeding does not afford a prisoner

3

an opportunity to retry his case and challenge the evidence against him. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819.

## B. Legality of Arrest

Even if it is shown that an arrest in a criminal case was illegal, an illegal arrest, in itself, does not void a subsequent conviction. *Winston v. State*, 355 Ark. 11, 131 S.W.3d 333 (2003). The circuit court's jurisdiction to try the accused does not depend on the legality of the arrest, and questions pertaining to whether there was some error in the investigation, arrest, or prosecution of a criminal offense are not within the purview of a habeas corpus proceeding unless the error impinges on the jurisdiction of the circuit court to enter the judgment or on the facial validity of the judgment. *See Watson v. Kelley*, 2019 Ark. 147; *Story v. State*, 2017 Ark. 358 (noting that the circuit court's jurisdiction to try the accused does not depend on the validity of the arrest). Lewis's conclusory allegations that the circumstances of his arrest rendered the arrest illegal did not establish a jurisdictional defect on which the writ could issue.

## C. Coerced Guilty Plea and Ineffective Assistance of Counsel

Lewis contends as a ground for the writ that there were irregularities in the guilty-plea proceeding and that he was coerced by his attorney to enter a plea of guilty by threats that a much greater sentence as a habitual offender could be imposed if Lewis declined to accept the terms of the negotiated plea. He further asserts that his attorney made the threats knowing that his arrest was illegal. He argues that the flaws in the guilty-plea proceeding denied him due process of law and rendered his plea involuntary.

4

We need not address Lewis's argument that he was coerced into entering his plea by the conduct of his attorney or the trial court because the allegations do not state a basis for the writ. The allegations pertaining to the procedure followed by the trial court when Lewis entered his plea were not within the scope of this remedy because the writ will not be issued to correct errors or irregularities that occurred in a guilty-plea proceeding. *Collier v. Kelley*, 2018 Ark. 170. Claims of an involuntary plea or of improper plea procedures do not raise a question of a void or illegal sentence that may be addressed in a habeas proceeding. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26.

Lewis's assertion that his attorney coerced him is outside the purview of a habeas action. Lewis does not contend that his sentence for three counts of terroristic threatening was outside the statutory range for those offenses or that some action of counsel deprived the trial court of jurisdiction. Any issues pertaining to coercion in the plea process or to counsel's effectiveness should have been raised in a timely filed petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2019). A habeas proceeding is not a substitute for filing a timely petition for postconviction relief. *Davis v. Kelley*, 2019 Ark. 1, 564 S.W.3d 512.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** While I agree with the disposition reached by the majority, I do not agree with its reasoning. As I have written before, Arkansas habeas relief should not be limited to instances where the confinement order is facially invalid or where the circuit court simply lacked jurisdiction. *See, e.g., Stephenson v. Kelley*,

2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). Instead of resorting to this manifestly incorrect formulation of law, we should assess the substance of Lewis's claim. This approach would show that Lewis's claim is properly denied on its merits.

Lewis asserts that the conduct forming the basis of his terroristic-threatening convictions did not occur until he had been arrested from his mother's private property and carried away in a police vehicle. He argues that his initial arrest was for public intoxication, and that this arrest was illegal because he was not in a public place at that time—therefore, anything that happened afterward in the police vehicle was fruit of the poisonous tree. However, the probable-cause affidavit reflects that Lewis was arrested not only for public intoxication but also disorderly conduct. Disorderly conduct occurs where the defendant, "by recklessly creating a risk of public inconvenience, annoyance, or alarm, ... (1) [e]ngages in fighting or violent, threatening, or tumultuous behavior"; or "(2) [m]akes unreasonable or excessive noise." Ark. Code Ann. § 5-71-207(a)(1)–(2). Based upon the allegations contained in the affidavit, Lewis was intoxicated, yelling and cursing, and generally causing a ruckus while standing outside at his mother's property. This created a "substantial, ongoing disturbance in his neighborhood as a result of his intoxication," with multiple neighbors coming outside to see about the commotion, according to the affidavit. Lewis's petition does not explain why or how his arrest for disorderly conduct was unlawful. Assuming the arrest for disorderly conduct was not unlawful, what subsequently transpired in the police vehicle was not fruit of the poisonous tree. Accordingly, Lewis's habeas claim is properly denied.

I concur.

6

*Luther T. Lewis*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen.; and by *Caleb Ward*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnsons*, Deputy Att'y Gen., for appellee.