Cite as 2020 Ark. 401

# SUPREME COURT OF ARKANSAS

No. CV-20-278

| | |
|---|---|
| LEE CHARLES MILLSAP<br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered:** December 3, 2020<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-20-37]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Lee Charles Millsap appeals the circuit court's denial of his pro se petition for writ of habeas corpus. He contends that he is being illegally held because there was a defect in the amended felony information, he was not afforded a speedy trial, and his attorney was ineffective for not raising this issue. Because these are not grounds for habeas relief, we affirm the circuit court's order.

## I. *Background*

In 1998, Millsap entered a plea of guilty to capital murder, first-degree terroristic threatening, and second-degree battery. He was sentenced to an aggregate term of life imprisonment without parole. In 2020, Millsap petitioned for writ of habeas corpus. The circuit court concluded none of the allegations were cognizable in a habeas proceeding and denied relief. Millsap appealed.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is facially invalid or when a circuit court lacks jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court has authority to adjudicate the case. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001, must plead either the judgment was facially invalid or the trial court lacked jurisdiction and show probable cause, by affidavit or other evidence, that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). A circuit court's inquiry is limited to the facial validity of the judgment and commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was facially invalid, there is no basis for issuing a writ of habeas corpus. *Fields v. Hobbs*, 2013 Ark. 416. This court will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### III. *Claims for Relief*

First, Millsap argues that when the State amended the felony information and added the charge of second-degree battery, it neglected to have it signed by the circuit clerk. He argues this failure rendered the information constitutionally invalid and deprived the trial court of jurisdiction to accept his guilty plea and enter the judgment. This court has held that information-signature allegations are not jurisdictional. *Randle v. Straughn*, 2020 Ark. 117, at 3, 595 S.W.3d 361, 364. This makes an information potentially voidable, rather than void, and a defendant must raise this at the time of trial. *Id.* When a defendant enters a plea of guilty, the plea is his trial, and a habeas corpus proceeding does not allow a prisoner to retry his case. *Finney v. Kelley*, 2020 Ark. 145, at 5, 598 S.W.3d 26, 29. The circuit court did not err in denying habeas relief on this claim.

Millsap's second claim for habeas relief is that the State failed to afford him a speedy trial. As part of this claim, Millsap asserts that his counsel was ineffective for not making a motion for dismissal and instead allowing him to enter a guilty plea. Although Millsap pleaded guilty fourteen months after the first felony information was filed, his allegation is insufficient here. A petitioner's speedy-trial-violation claim is not within the purview of a habeas proceeding because it is a claim of trial error that does not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Williams v. Kelley*, 2017 Ark. 200, at 4, 521 S.W.3d 104, 107. When Millsap argues that his attorney was ineffective for not raising the speedy-trial issue, habeas is the incorrect avenue. Defendants should raise allegations of ineffective assistance of counsel in a timely filed petition under Arkansas Rule of Criminal Procedure 37.1 (2019). A habeas proceeding does not replace timely filing this

petition. *Davis v. Kelley*, 2019 Ark. 1, at 3, 564 S.W.3d 512, 514. Again, the circuit court did not err in denying habeas relief on this ground. For the above reasons, we affirm.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons stated in *Noble v. State*, 2019 Ark. 284, 585 S.W.3d 671 (Hart, J., dissenting).

I dissent.

*Lee Charles Millsap*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.