Cite as 2021 Ark. 87

# SUPREME COURT OF ARKANSAS

No. CV-20-420

| | |
|---|---|
| | **Opinion Delivered:** April 22, 2021 |
| BILLY WOLFE | |
| APPELLANT | PRO SE APPEAL FROM THE |
| V. | JEFFERSON COUNTY CIRCUIT COURT |
| | [NO. 35CV-20-83] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | |
| | HONORABLE JODI RAINES |
| APPELLEE | DENNIS, JUDGE |
| | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Billy Wolfe appeals from the denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Wolfe has failed to demonstrate entitlement to issuance of the writ, we affirm the circuit court's order.

## I. *Facts*

In 2005, Wolfe pleaded guilty in the Benton County Circuit Court to capital murder and kidnapping and was sentenced to life imprisonment without parole. At the time of his arrest, Wolfe was a member of the Cherokee Nation and resided within the boundaries of the Cherokee Nation's territory in Oklahoma. The offenses for which he was arrested were committed in Benton County, Arkansas, and law enforcement officers from the State of Oklahoma arrested Wolfe, searched his home, and seized his truck. Wolfe was transferred to Arkansas where he pleaded guilty in exchange for waiver of the death penalty.

On January 23, 2020, Wolfe filed his petition for writ of habeas corpus in the Jefferson County Circuit Court.[1] He alleged that the trial court lacked jurisdiction to convict him, that he was searched illegally and arrested illegally, that his guilty plea was not knowingly entered, and that his trial counsel was ineffective. The circuit court denied and dismissed the petition because Wolfe's claims were not cognizable in habeas proceedings.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who files a writ and does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an

---

[1]Wolfe is currently incarcerated in Oklahoma and was transferred there by the Arkansas Department of Correction (ADC) pursuant to the Interstate Corrections Compact (ICC). Wolfe properly filed his habeas petition in the county where the ADC is located. *See Hundley v. Hobbs*, 2015 Ark. 70, 456 S.W.3d 755.

extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Wolfe first contends that the State of Arkansas lacked jurisdiction to convict him because he is a member of the Cherokee Nation and resided within Cherokee Nation territory when the crimes were committed. Wolfe contends that because he as a member of the Cherokee Nation, he was not subject to prosecution by the State of Arkansas but that jurisdiction lay with the federal courts. In support of this allegation, Wolfe relies on treaties between the United States and the Cherokee Nation and holdings by the United States Supreme Court, specifically its recent holding in *McGirt v. Oklahoma*, ___ U.S. ___, 140 S. Ct. 2452 (2020). The Court in *McGirt* held that "[s]tate courts generally have no jurisdiction to try Indians for conduct committed in 'Indian country.'" *Id*. at ___, 140 S. Ct. at 2459 (citing *Negonsott v. Samuels*, 507 U.S. 99 (1993)); *see also United States v. Burch*, 169 F.3d

3

666, 669 (10th Cir. 1999) (explaining that the Indian Major Crimes Act was enacted in 1885 to establish exclusive federal jurisdiction over certain enumerated felonies committed by "[a]ny Indian . . . against the person or property of another Indian or other person . . . within the Indian country"). Congress has defined "Indian country" to include "all land within the limits of any Indian reservation . . . notwithstanding the issuance of any patent, and, including any rights-of-way running through the reservation." *McGirt*, ___ U.S. at ___, 140 S. Ct. at 2464 (quoting 18 U.S.C. § 1151(a)). However, it is also well established that "States have criminal jurisdiction over reservation Indians for crimes committed . . . off the reservation." *Nevada v. Hicks*, 533 U.S. 353, 362 (2001).

Wolfe does not contend that the crimes were committed within the boundaries of the Cherokee Nation, nor does he dispute that the crimes were committed in Benton County, Arkansas. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. Moreover, a circuit court has personal jurisdiction over offenses committed within the county over which it presides. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Thus, Wolfe's jurisdictional challenge fails.

Wolfe next argues that Oklahoma law enforcement officers entered the Cherokee Nation without authority and therefore illegally arrested him, searched his home, and seized his property. It is well settled that a plea of guilty that was not coerced or obtained under duress, waives defenses—such as a challenge to an illegal search—that might have been interposed at trial. *Cox v. State*, 255 Ark. 204, 499 S.W.2d 630 (1973). Accordingly, factual questions on the admissibility of evidence that could have been raised and addressed at trial

4

are not cognizable in habeas proceedings. *Douthitt v. Kelley*, 2019 Ark. 404, 590 S.W.3d 734. Furthermore, an illegal arrest, in itself, does not void a subsequent conviction. *Lewis v. Payne*, 2020 Ark. 345 (citing *Winston v. State*, 355 Ark. 11, 131 S.W.3d 333 (2003)). The circuit court's jurisdiction to try the accused does not depend on the legality of the arrest, and questions pertaining to whether there was some error in the investigation, arrest, or prosecution of a criminal offense are not within the purview of a habeas corpus proceeding unless the error impinges on the jurisdiction of the circuit court to enter the judgment or on the facial validity of the judgment. *Lewis*, 2020 Ark. 345.

For his third claim for habeas relief, Wolfe alleges that his plea was not knowingly and intelligently entered because he agreed to plead guilty on the basis that he would be sentenced to life with the possibility of parole but was instead sentenced to life without parole. In short, Wolfe claims that his guilty plea was not voluntary. When a defendant enters a plea of guilty, the plea is his trial. *Trammel v. Kelley*, 2020 Ark. 342, 610 S.W.3d 158. A habeas corpus proceeding does not allow a prisoner to retry his case. *Id.*, 610 S.W.3d 158. Claims of an involuntary plea or of improper plea procedures do not raise a question of a void or illegal sentence that may be addressed in a habeas proceeding. *Id.*, 610 S.W.3d 158.

For his final claim, Wolfe asserts that his trial counsel was ineffective. Defendants should raise allegations of ineffective assistance of counsel in a timely filed petition under Arkansas Rule of Criminal Procedure 37.1 (2019). *Millsap v. Payne*, 2020 Ark. 401, 611 S.W.3d 479. A habeas proceeding does not replace the timely filing of a Rule 37.1 petition. *Id.* Accordingly, claims of ineffective assistance of counsel are not within the purview of a

5

proceeding for a writ of habeas corpus. *Hall v. State*, 2020 Ark. 358. The circuit court did not clearly err when it denied and dismissed Wolfe's habeas petition.

Affirmed.

WEBB, J., dissents.

**BARBARA W. WEBB, Justice, dissenting.** In our role as an appellate court, the question before us is not whether Mr. Wolfe is entitled to habeas relief but whether the circuit court clearly erred in disposing of Mr. Wolfe's habeas petition. In my view, the circuit court clearly erred, and this case must be reversed and remanded to the circuit court.

In its order dismissing Mr. Wolfe's habeas petition, the circuit court summarizes the grounds Mr. Wolfe asserted as "the trial court did not have jurisdiction over him because he is a Cherokee Indian; any actions by law enforcement or evidence collected from the Cherokee Indian reservation were illegal for lack of jurisdiction, and his attorney was ineffective." However, rather than addressing those grounds, the circuit court summarily dismissed Wolfe's petition, stating, "None of petitioner's claims are *cognizable* in a habeas matter. The petitioner should have addressed these allegations at the trial court level, on direct appeal, or in a timely post-conviction proceeding." (Emphasis supplied.)

In its opinion, the majority recites that "[a] writ of habeas corpus is proper when . . . . a trial court lacked jurisdiction over the cause. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment." (Citations omitted.) Mr. Wolfe's habeas petition directly challenges the jurisdiction of the trial court to try his capital-murder case.

Accordingly, Mr. Wolfe's petition must be "cognizable" in a habeas proceeding. Therefore, we should reverse and remand this case to the circuit court for further proceedings to include whether Mr. Wolfe is entitled to relief.[1]

I respectfully dissent.

*Billy Wolfe*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

---

[1]I do not disagree with the majority's analysis of the merits of Mr. Wolfe's claims. However, I disagree with this court assuming the role of the circuit court and making the findings necessary to dispose of this case.