Cite as 2021 Ark. 154

# SUPREME COURT OF ARKANSAS

No. CV-20-723

| | |
|---|---|
| DOUGLAS D. TRUE | **Opinion Delivered:** September 16, 2021 |
| APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CV-20-585] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Douglas D. True pleaded guilty to two counts of capital murder in December 2014 for which he was sentenced to life imprisonment without parole. True now appeals the denial and dismissal of a petition for writ of habeas corpus filed in the county of his incarceration pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). True contends that the circuit court failed to comply with Rules 24.5, 24.6, and 24.7 of the Arkansas Rules of Criminal Procedure, and because there is no record of the guilty-plea proceedings, his judgment and commitment order is invalid on its face. Because True has failed to demonstrate that he was entitled to issuance of the writ, we affirm the circuit court's order.

## I. *Facts*

After True pleaded guilty and the judgment was entered, he timely sought postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. True argued

that his trial counsel was ineffective for failing to fully investigate and develop a theory of defense and instead pressured him to plead guilty to avoid imposition of the death penalty; that counsel failed to order a mental evaluation; and that his guilty plea was involuntary in that counsel did not inform him that the prosecutor had not yet given notice of the State's intent to seek the death penalty. *True v. State*, 2017 Ark. 323, 532 S.W.3d 70. In response to filing the postconviction petition, counsel was appointed, a mental evaluation was completed, and an evidentiary hearing conducted. *Id.*, 532 S.W.3d 70. The circuit court denied relief, and this court determined that there was no showing that the trial court clearly erred when it denied relief and affirmed the order. *Id.*, 532 S.W.3d 70.

## II. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of

2

the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

### III. *Claim for Relief*

On appeal, True contends that because there is no record of the guilty-plea proceedings to support what is contained in the judgment and commitment order, his judgment and commitment order is invalid on its face. Specifically, he contends that the trial court failed to comply with Rules 24.5 and 24.6 that require the court to ascertain whether a plea was voluntary, determine whether the plea was the result of a plea agreement, and establish a factual basis for the plea.

When a defendant enters a plea of guilty, the plea is his trial. *Trammel v. Kelley*, 2020 Ark. 342, 610 S.W.3d 158. A habeas corpus proceeding does not allow a prisoner to retry his case or to reconsider the decision to enter a guilty plea. *Crockett v. Kelley*, 2020 Ark. 26. Claims of an involuntary plea or of improper plea procedures do not raise a question of a

3

void or illegal sentence that may be raised in a habeas proceeding.[1] *Wolfe v. Payne*, 2021 Ark. 87, 622 S.W.3d 625.

True fails to state a basis for issuance of the writ. To the extent that True challenges the voluntariness of his guilty plea on the basis of the ineffectiveness of trial counsel, his claim likewise fails. Ineffective-assistance-of-counsel claims are not cognizable in habeas corpus proceedings. *Id.*, 622 S.W.3d 625. When a convicted defendant desires to challenge a guilty plea after entry of judgment on ineffective-assistance-of-counsel grounds, his or her remedy is to timely file a Rule 37.1 petition for postconviction relief. *Id.*, 622 S.W.3d 625. Thus, we hold that the circuit court did not clearly err when it denied and dismissed True's habeas petition.

Affirmed.

*Douglas D. True*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[1]True challenged the voluntariness of his guilty pleas in his Rule 37.1 postconviction petition and appeal. This court found that the trial court did not clearly err when it found that True's guilty plea was voluntarily and intelligently entered upon the advice of competent counsel. *True*, 2017 Ark. 323, 532 S.W.3d 70.