Cite as 2022 Ark. 61

# SUPREME COURT OF ARKANSAS
No. CV-21-368

| | | |
|---|---|---|
| JOHN IRVING RAWLS | | **Opinion Delivered:** March 10, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CV-21-225] |
| | | |
| MICHELLE GRAY, WARDEN | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | |
| | APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

John Irving Rawls appeals the circuit court's dismissal of his pro se petition for a writ of habeas corpus filed pursuant to article 2, section 11 of the Arkansas Constitution and Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Rawls, who is incarcerated in the county where he filed his petition, alleged his sentence for discharging a firearm from a vehicle is illegal because the offense was erroneously classified as a Class Y felony rather than as a Class B felony. The circuit court dismissed the habeas petition, finding that Rawls's claim for habeas relief lacked merit. We affirm.

## I. *Background*

In January 2017, Rawls pled guilty to the unlawful discharge of a firearm from a vehicle in violation of Arkansas Code Annotated section 5-74-107 (Repl. 2005) and was sentenced to 300 months' imprisonment in the Arkansas Division of Correction. Rawls also

pleaded guilty to first-degree battery and was sentenced to 240 months' imprisonment to be served concurrently for an aggregate term of 300 months' or twenty-five years' imprisonment.

## II. *Standard of Review*

This court will affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Foreman v. State*, 2019 Ark. 108, at 2, 571 S.W.3d 484, 486. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* at 2–3, 571 S.W.3d at 486.

## III. *Nature of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is facially invalid or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 505. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 413, 255 S.W.3d 466, 471 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* A petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Philyaw*, 2015 Ark. 465, at 4, 477 S.W.3d at 505.

The issue of a void or illegal sentence is an issue of subject-matter jurisdiction. *Johnson v. Kelley*, 2019 Ark. 230, at 3, 577 S.W.3d 710, 712. A sentence is void or illegal when the trial court lacks authority to impose it. *Id.* In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect when the crime was committed. When the law does not authorize the particular sentence, that sentence is unauthorized and illegal. *Id.*

IV. *Claim for Relief*

Rawls contends that his sentence for discharge of a firearm from a vehicle is illegal on its face because it should have been listed as a Class B felony rather than a Class Y felony. Specifically, Rawls argues that, when he committed the crime, discharge of firearm from vehicle was a Class B felony. The General Assembly classified first-degree discharge of a firearm from a vehicle as a Class Y felony in 1993 when it enacted the "Arkansas Criminal Gang, Organization, or Enterprise Act." *See* 1993 Ark. Acts 1002. Consequently, convicting Rawls of a Class Y felony offense was not a violation of the prohibition against the application of criminal statutes ex post facto. As a result of his conviction for the crime, Rawls was sentenced to 300 months' or twenty-five years' imprisonment. The maximum penalty for a Class Y felony is forty years or life. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2006). The sentence falls well within the maximum authorized penalty and is a legal sentence.

Finally, to the extent Rawls contends he did not knowingly plead guilty to a Class Y felony, a writ of habeas corpus is not the proper means to contest his plea. *State v. Tejeda-*

*Acosta*, 2013 Ark. 217, at 8–9, 427 S.W.3d 673, 678. As a result, the circuit court did not clearly err when it denied and dismissed Rawls's petition for a writ of habeas corpus.

Affirmed.

*John Irving Rawls*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.