Cite as 2026 Ark. 62

# SUPREME COURT OF ARKANSAS

**No.** CV-25-425

|  |  |
|---|---|
| THOMAS CROCKETT<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** April 16, 2026<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT; MOTION TO FILE BELATED REPLY BRIEF [NO. 35CV-25-25]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED; MOTION MOOT. |

**RHONDA K. WOOD, Associate Justice**

In 1983, Thomas Crockett pleaded guilty to first-degree murder and was sentenced to life imprisonment. Later he filed a Rule 37 petition alleging ineffective assistance of counsel.[1] We denied relief.[2] Next, Crockett filed a petition for writ of habeas corpus contending again that his counsel was ineffective and that Crockett was unaware he had a defense of justification.[3] We denied relief.[4] Before us now is Crockett's appeal from the denial of his second petition for writ of habeas corpus. Once again, he argues for habeas

---

[1]*Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (*Crockett I*) (1984).

[2]*Id*. at 584, 669 S.W.2d at 898.

[3]*Crockett v. Kelley*, 2020 Ark. 26, at 1 (*Crockett II*).

[4] *Id*. at 3.

relief based on grounds outside the scope of a habeas proceeding; thus, we affirm the circuit court's denial of his petition.[5]

Previously, we noted that Crockett pleaded guilty in open court, admitting that he robbed and murdered James Williams.[6] In the appeal from his first habeas petition, we explained that habeas proceedings are not a means to challenge the sufficiency of the evidence in a case, and a habeas action does not afford a petitioner the opportunity to retry his or her case.[7]

Crockett again fails to establish grounds for the writ. We will affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous.[8] The decision is clearly erroneous when the appellate court is left with the definite and firm conviction that there has been a mistake.[9] A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause.[10] A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within

---

[5]Crockett filed a motion to file belated reply brief and tendered a reply brief. Because we affirm the circuit court's order, the motion is moot.

[6]*Crockett I*, 282 Ark. at 584, 669 S.W.2d at 898.

[7]*Crockett II*, 2020 Ark. 26, at 3.

[8]*Burks v. Payne*, 2024 Ark. 80, at 2, 687 S.W.3d 798, 800.

[9]*Id*. at 3, 687 S.W.3d at 800–01.

[10]*Finney v. Kelley*, 2020 Ark. 145, at 3, 598 S.W.3d 26, 28.

the county over which it presides.[11] The circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order.[12]

In his petition for habeas corpus, Crocket raised the following issues: (1) whether his sentence is illegal because the charging document did not identify the underlying felony that would support the first-degree murder charge; (2) whether there was a fundamental error in his conviction because a formal charge of first-degree murder was not filed, only a capital-murder charge, and (3) whether he was denied his Sixth Amendment right to counsel during his plea proceedings. None provide a basis for granting the writ.

Crockett attacks the underlying judgment by claiming that his information did not include the specified felony to support capital murder. He also argues that once the charge was reduced from capital murder to first-degree murder, the State was required to file a new information with the reduced charge. Regardless, both claims involving a defective information are not cognizable in habeas proceedings but are instead treated as trial error.[13] Assertions of trial error and due-process claims do not implicate the facial invalidity of the judgment or the trial court's jurisdiction.[14] Further, the claim that his counsel was ineffective during plea negotiations and failed to independently investigate facts, circumstances,

---

[11] *Fuller/Akbar v. Payne*, 2021 Ark. 155, at 4, 628 S.W.3d 366, 368.

[12] *Id*. at 3, 628 S.W.3d at 368.

[13] *Mitchell v. State*, 2018 Ark. 331, at 2.

[14] *Id*. at 3.

pleadings, and law is also not a ground for a writ of habeas corpus. Ineffective-assistance-of-counsel claims are not cognizable in habeas proceedings.[15]

Last, Crockett raised a new argument on appeal—the circuit court violated due process in denying his habeas petition. This argument simply misconstrues the law. If Crockett is implying that considerations beyond the face of the judgment should have been considered, that is inaccurate. A court considering a habeas action is not obligated to go beyond the face of the judgment to address the claims of the petition, and a petitioner bears the burden of showing that the face of the judgment was invalid.[16] As explained, we will overturn a circuit court's decision on a petition for writ of habeas corpus only when clearly erroneous.[17] The decision is clearly erroneous when the appellate court is left with the definite and firm conviction that there has been a mistake. Here, we do not have a definite and firm conviction that the circuit court made a mistake.

Crockett failed to raise a cognizable claim; thus, the circuit court did not clearly err in denying the habeas petition. We affirm.

Affirmed; motion moot.

Special Justice MARY CAROLE YOUNG joins.

BRONNI, J., not participating.

*Thomas Crockett*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.

---

[15]*True v. Payne*, 2021 Ark. 154, at 4, 628 S.W.3d 641, 644.

[16]*Rea v. Kelley*, 2020 Ark. 347, at 5.

[17]*Burks*, 2024 Ark. 80, 687 S.W.3d 798.

4