Cite as 2025 Ark. 116
# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENTS TO RULE 902 OF THE ARKANSAS RULES OF EVIDENCE | **Opinion Delivered:** June 5, 2025 |

## PER CURIAM

The Arkansas Supreme Court's Committee on Civil Practice submitted this recommendation for a change to Rule 902 of the Arkansas Rules of Evidence governing self-authentication that is in line with the federal rules and also addresses authentication of electronically generated records in particular. We now publish this amendment for comment before the court considers the change. The comment period shall end on August 1, 2025. Comments should be submitted in writing to: Kyle E. Burton, Clerk of the Arkansas Supreme Court, Attention: Amendments to Arkansas Rules of Evidence, Justice Building, 625 Marshall Street, Little Rock, AR 72201, or by email: rulescomments@arcourts.gov. The amendments are shown in "line-in, line-out" form.

**Rule 902. Self-Authentication.**

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) *Domestic Public Documents Under Seal.* A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Paname [Panama] Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

(2) *Domestic Public Documents Not Under Seal.* A document purporting to bear the signature in his official capacity of an officer or employee of any entity included in paragraph (1), having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal or that the signer has the official capacity and that the signature is genuine.

(3) *Foreign Public Documents.* A document purporting to be executed or attested in his official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (i) of the executing or attesting person, or (ii) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificate of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may for good cause shown order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification.

(4) *Certified Copies of Public Records.* A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3), or complying with any law of the United States or of this State.

(5) *Official Publications*. Books, pamphlets, or other publications issued by public authority.

(6) *Newspapers and Periodicals*. Printed material purporting to be newspapers or periodicals.

(7) *Trade Inscriptions and the Like*. Inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin.

(8) *Acknowledged Documents*. Documents accompanied by a certificate of acknowledgement executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgements.

(9) *Commercial Paper and Related Documents*. Commercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law.

(10) *Presumptions Created by Law*. Any signature, document, or other matter declared by any law of the United States or of this State, to be presumptively or prima facie genuine or authentic.

(11) *Certified Domestic Records of a Regularly Conducted Activity*. The original or a copy of a domestic record that meets the requirements of Rule 803(6), as shown by a certification of the custodian or another qualified person that complies with a state or federal statute, or a rule prescribed by the Supreme Court, such as a sworn affidavit. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record, and must make the record and certification available for inspection, so that the party has a fair opportunity to challenge them.

(12) *Certified Foreign Records of a Regularly Conducted Activity*. In a civil case, the original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification, rather than complying with a state or federal statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

(13) *Certified Data and Metadata Copied from an Electronic Device, Storage Medium, or File*. Data or metadata copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).